UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>HARRY SEGUNDO SEGURA VALENCIA,<br><br>                              Defendant. | Case No.:  21cr3608-CAB<br><br>**ORDER ON DEFENDANT'S RENEWED MOTIONS FOR REDUCTION OF SENTENCE [DOC. NO. 150, 151]** |

Before the Court are the renewed motions of defendant Harry Segundo Segura Valencia for reduction of his sentence based on the retroactive amendment to the United States Sentencing Guidelines that went into effect on November 1, 2023, providing for a 2-point downward adjustment for "zero-point offenders" [USSG § 4C1.1.] [Doc. Nos. 150, 151.]

The defendant submitted this same request for a sentence reduction based on the "zero-point offender" amendment to the Court on March 26, 2024.  [Doc. No. 132.]  The Court denied the request in an order issued April 16, 2024, as the defendant had three criminal history points at the time of his conviction and therefore did not qualify for a reduction under the amended guideline. [Doc. No. 133.]

As summarized in the Court's prior order, the defendant was sentenced on May 4, 2023, for Possession of Cocaine with Intent to Distribute on Board a Vessel, in violation of 46 U.S.C. § 70503. [Doc. No. 112.]   The defendant acknowledged in his plea that the offense carried a mandatory minimum custodial sentence of 120 months. [Doc. No. 71.]

In calculating the defendant's guidelines at sentencing, the defendant's base offense level was 38 (approximately 725 kilograms of cocaine). [Doc. No. 98.] At the time of sentencing, the defendant qualified for relief from the mandatory minimum under the Ninth Circuit's interpretation of the safety valve criteria, which was subsequently abrogated in *Pulsifer v. U.S.*, 601 U.S. 124 (2024), and received a corresponding 2-point downward variance.  He received a 3-point downward adjustment for acceptance of responsibility. The Court also adopted a recommended downward variance of 4 points for appellate waiver and other 3553(a) considerations. His resulting total offense level was calculated to be 29. [Id.]

His criminal history score was 3, placing him in Category II. [Doc. No. 87.]  His guideline range was 97 to 121 months including departures or variances.

After considering the 3553(a) factors, the Court sentenced the defendant to a below guideline sentence of 96 months of custody. [Doc. No. 112.]

This defendant does not qualify for the retroactive guideline amendment for zero-point offenders.  The defendant had three criminal history points from a prior drug trafficking conviction [Doc. No. 87] and therefore did not meet the criteria for the zero-point offender adjustment. *See* USSG § 4C1.1(a)(1).   The defendant is not eligible for a sentence reduction based on the amendment to the Guidelines. [USSG § 1B.1.10(a)(2)(A) (Exclusions: none of the amendments are applicable to the defendant).]

The defendant's renewed motions to reduce his sentence based on the retroactive amendment to the sentencing guidelines are therefore **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 11, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge